IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Susan Woodard, ) | C/A No. 0:22-02094-CMC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **O R D E R** |
| Cedar Sinai Hosp., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff Susan Woodard, proceeding pro se, filed this action on July 1, 2022 against Defendant Cedar Sinai Hosp., alleging Kamal Woodard ("Decedent") entered the emergency room at Defendant's facility in Los Angeles, California and was treated by Envision Healthcare, operating as an independent contractor. Plaintiff asserts Decedent complained of being raped, but no rape kit examination was performed in accordance with California law. According to Plaintiff, Decedent was denied treatment and care that would have been provided to any other rape victim. Instead, Envision Healthcare allegedly prescribed medications for schizophrenia that led to Decedent's death.

On September 19, 2022, Defendant filed a motion to dismiss on the grounds that the court lacks personal jurisdiction, Plaintiff lacks standing, and Plaintiff fails to state a claim for relief. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rules 73.02(B)(2)(a) and 83.VII.02, *et seq.*, D.S.C., the matter was referred to Magistrate Judge Shiva V. Hodges. The matter is currently before the court for review of the Report and Recommendation filed by the Magistrate Judge on September 19, 2022. ECF No. 14.

The Magistrate Judge recommended Defendant's motion to dismiss be granted in part and denied in part. Specifically, the Magistrate Judge agreed the court lacks personal jurisdiction over Defendant. However, rather than dismissing the case on this ground, the Magistrate Judge

recommended the case be transferred to the United States District Court for the Central District of California without prejudice to Defendant's ability to pursue a ruling from the transferee court on other grounds asserted in its motion to dismiss. The Magistrate Judge also noted Plaintiff had filed a motion to add parties that could be decided by the transferee court. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Neither party has responded, and the time for objections has expired.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

The court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, Defendant's motion to dismiss (ECF No. 14) is granted in part and denied in part, and the matter transferred to the United States District Court for

the Central District of California, without prejudice, as set forth *supra*.

    **IT IS SO ORDERED.**


                                                    /s/ Cameron McGowan Currie
                                                  CAMERON MCGOWAN CURRIE
                                                  Senior United States District Judge

Columbia, South Carolina

February 6, 2023